# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 10, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DAMACIO CHEWIWI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-954v |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante PLLC, Phoenix, AZ, for petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 1, 2015, Damacio Chewiwi ("petitioner")[2] filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[3] Petitioner received an influenza ("flu") vaccination in the United States. Petitioner alleged that he subsequently suffered NMDA receptor encephalitis, which he alleged was caused-in-fact by his receipt of the flu vaccination. Petition (ECF No. 1). On March 28, 2018, I issued a decision awarding petitioner compensation based on the parties' stipulation. Decision on Stipulation (ECF No. 74).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

[2] The petition was originally filed by petitioner's mother on his behalf, because he was a minor at the time. The case caption was amended on September 5, 2017, after petitioner reached the age of majority.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Also on March 28, 2018, petitioner filed a motion for attorneys' fees and costs. Petitioner's ("Pet.") Motion (ECF No. 75). Petitioner requests $32,766.50 in attorneys' fees and $15,181.80 in attorneys' costs, for a total request of $47.948.30 in attorneys' fees and costs. Id. at 1. Petitioner's counsel states, pursuant to General Order #9, that petitioner did not personally incur any expenses associated with this claim. Rather, all expenses were borne by his counsel. Id. at 2.

On April 3, 2018, respondent filed a response to the motion for attorneys' fees and costs. Respondent's Response (ECF No. 79). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully requests that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

On April 3, 2018, petitioner's counsel emailed my law clerk to communicate that petitioner would not be submitting a reply.

This matter is now ripe for adjudication.

Upon review, I find that the hourly rates requested in this motion are reasonable.[4] Mr. Downing and his firm have repeatedly found to be "in-forum" and therefore entitled to the forum rates I first formulated in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 4634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[5] Most of the rates requested are consistent with what has been found to be reasonable and awarded in other cases. See, e.g., Frette v. Sec'y of Health & Human Servs., No. 14-1105V, 2018 WL 945742 (Fed. Cl. Spec. Mstr. Jan. 22, 2018). The only difference is petitioner's request that Mr. Downing receive an increased hourly rate of $385 for work performed in 2018. In Frette, I deferred determining whether this was a reasonable rate, because it was only billed for one time entry and the Office of Special Masters had not yet posted a rate schedule for 2018. Upon further review, I specifically approve and will award this increased rate.

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of the task performed, the amount of time expended, and the person performing each task. The expenses incurred are well-documented and based on my experience, they appear reasonable. I find no cause to adjust the time expended or the costs. Thus, the requested attorneys' fees and costs are awarded in full.

---

[4] Petitioner's motion for attorneys' fees and costs inadvertently provides that the rates requested by Mr. Downing and his firm have been previously found to be reasonable and awarded in other decisions, "including the earlier fee decision in this case." Pet. Motion at 2. This case has not involved any previous decisions on attorneys' fees and costs. Rather, the present motion is for all attorneys' fees and costs since the initiation of the case in 2015.

[5] The McCulloch forum rates have been updated for subsequent years. These ranges are provided on the United States Court of Federal Claims website, under the Vaccine Claims section. See OSM Attorneys' Forum Hourly Rate Fee Schedules, http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1) **A lump sum in the amount of $47,948.30, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Andrew D. Downing of Van Cott & Talamante PLLC.[6]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[7]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.